IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO ORTIZ, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-3918-B |
| v. | § | 3:10-CR-0012-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On May 6, 2010, he pled guilty to using a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. On November 10, 2010, the district court sentenced him to 150 months in prison. He did not file an appeal.

On November 24, 2015, Petitioner filed the instant § 2255 petition. On November 9, 2016, he filed an amended petition. He argues he received ineffective assistance of counsel when counsel failed to inform him of a plea offer. On March 17, 2017, the government filed its answer to the petition arguing, *inter alia*, that the petition is barred by the statute of limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time barred.

Page 1

**II. Discussion**

**1.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final.  *See* 28 U.S.C. § 2255(f)(1).  Petitioner's conviction became final on November 24, 2010. See FED. R. CRIM. P. 4(b)(1)(A)(I) (stating appeal must be filed within fourteen days of judgment). Petitioner then had one year, or until November 24, 2011, to file his § 2255 petition.  He did not file his petition until November 24, 2015.  Under § 2255(f)(1) his petition is therefore untimely.

Petitioner, however, argues his petition is timely under § 2255(f)(4).  Under that section, the limitations period runs from "the date on which the facts supporting the claim or claims

presented could have been discovered through the exercise of due diligence." Petitioner claims he did not learn about the alleged plea offer until October, 2015. He states that in October, 2015, he was sorting through legal mail that his family had "forwarded back to him" after he was "released from a period of segregation." (ECF No. 9 at 4.) He states that in the mail he found copies of email correspondence sent to him by his attorney which showed evidence of a plea offer. Petitioner, however, has failed state why he could not have discovered the emails prior to expiration of the statute of limitations. Petitioner has failed to show his petition is timely under § 2255(f)(4).

**2.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Plaintiff has failed to show he was misled about his cause of action or was prevented in some extraordinary way from filing his petition. He has failed to show rare and exceptional circumstances justifying equitable tolling.

### III.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED as barred by the one-year statute of limitations.

Signed this 1st  day of May,  2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).